UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Posey,<br><br>        Petitioner<br><br>    v.<br><br>Ronald Oliver,[1]<br><br>        Respondent | Case No. 2:24-cv-01123-CDS-BNW<br><br>Order Vacating Dismissal, Denying Motions to Proceed *In Forma Pauperis*, and Granting Leave to Amend Petition<br><br>[ECF Nos. 3, 4, 6] |

On June 20, 2024, I entered an order dismissing this case without prejudice because the petitioner, Anthony Posey, filed a motion for appointment of counsel under 18 U.S.C. § 3006A without any accompanying documents or payment of the filing fee. ECF No. 3. In that order, I suggested that Posey initiate a *new* action under 28 U.S.C. § 2254 by submitting a petition for writ of habeas corpus on the form supplied by the court, along with either the $5.00 filing fee or a completed application to proceed *in forma pauperis*. Rather than initiate a new action, Posey has filed an application to proceed *in forma pauperis*, a habeas petition, and another motion for appointment of counsel in this case. ECF Nos. 4, 5, 6.

In the interest of judicial economy, I will vacate my order dismissing this case and direct the Clerk to reopen it. I also find that Posey can pay the full filing fee of $5.00, so his application to proceed *in forma pauperis* will be denied.

With respect to Posey's petition, it appears that the Clerk sent Posey the form for a petition for writ of habeas corpus under 28 U.S.C. § 2241, rather than § 2254, so his petition is on the wrong form. ECF Nos. 3-1, 7. While I would otherwise overlook this defect, I note that Posey's petition is deficient in another respect.

As a matter of substantive pleading, the grounds for relief in the petition are facially defective. A petition for writ of habeas corpus under 28 U.S.C. § 2254 cannot rely upon mere

---

[1] Posey is incarcerated at the Southern Desert Correctional Center. Ronald Oliver, the warden of that facility, is substituted as the respondent in this case. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Posey is advised to caption all future filings accordingly.

"notice" pleading, as may be found in other civil cases in the United States District Courts. *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (citing Advisory Committee Note to Rule 4, Rules Foll. Cases under 28 U.S.C. § 2254). The petition must instead contain particularized facts "that point to 'a real possibility of constitutional error.'" *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (sources omitted). The facts alleged in the petition must be sufficient in detail to allow the court to determine whether the petition should be summarily dismissed, or should be given further review. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990) (factual details sufficient to support claims must be present on the face of the petition).

Posey's petition contains vague allegations of ineffective assistance of counsel and "*Brady* violations," but he has not provided sufficient factual detail to determine whether there is a real possibility that his state court conviction is unconstitutional. While Ground 2 of the petition comes close to providing sufficient factual support, the other three grounds in the petition are supported by brief phrases without any context or explanation as to how Posey's rights have been violated. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 29 (9th Cir. 1994); *see also Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970) (holding that conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause). In addition, Posey fails to identify the provision(s) of the Constitution or federal law that were violated as a result of the alleged errors. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Rather than dismiss the petition for failure to state a claim, I will give Posey the opportunity to amend his petition to include additional facts in support of his claims. In addition, Posey should not only attempt to correct the foregoing deficiency but also include all claims for relief of which he is aware. That is, the petition should contain all exhausted claims and all unexhausted claims which Posey believes might be a basis for granting relief from the criminal conviction or sentence. An exhausted claim is one that has been fairly presented to the Supreme Court of Nevada. An unexhausted claim, on the other hand, is one that has not been presented to

the Supreme Court of Nevada and, indeed, may not have been presented to any court. If Posey is aware of any claim and fails to include it in this proceeding, the abuse of the writ rules may bar him from ever raising the claim in a federal court.

Finally, I will rule upon Posey's motion for appointment of counsel (ECF No. 5) when he files an amended habeas petition in compliance with this order.

IT IS THEREFORE ORDERED that the order dismissing this case without prejudice **[ECF No. 3] is VACATED**. The Clerk is directed to reopen this case,

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* **[ECF No. 4] is DENIED**. Posey has until July 26, 2024 to have the $5.00 filing fee sent to the Clerk. Failure to comply will result in the dismissal of this action without further notice.

IT IS FURTHER ORDERED that the Clerk shall send Posey two copies of this order. Posey is ordered to make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

IT IS FURTHER ORDERED that Posey has until July 26, 2024 to file with the court an amended petition which corrects the deficiency identified in this order. In addition, Posey must include in that amended petition any and all additional claims for habeas corpus relief of which Posey is aware. If Posey fails to respond to this order in the time and manner provided above, I shall conclude that he does not desire to pursue this matter, and will enter an order dismissing this case, without prejudice, and without further notice.

IT IS FURTHER ORDERED that the Clerk shall send Posey a non-capital Section 2254 habeas petition form, one copy of the instructions for the form, and a copy of his initial habeas petition.

IT IS FURTHER ORDERED that Posey's second application to proceed *in forma pauperis* **[ECF No. 6] is DENIED as moot**.

Dated: June 26, 2024

_____
Cristina D. Silva
United States District Judge