UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Posey, | Case No. 2:24-cv-01123-CDS-BNW |
| Petitioner | **Order Vacating Dismissal, Directing Service of Habeas Petition, and Denying Motion for Appointment of Counsel** |
| v. | |
| Ronald Oliver, et al., | [ECF Nos. 13, 14, 15, 16, 18, 19] |
| Respondents | |

On September 25, 2024, I entered an order dismissing this habeas corpus case without prejudice because the petitioner, Anthony Posey, failed to comply with my order requiring payment of the filing fee. ECF No. 13. On October 21, 2024, Posey paid the $5.00 filing fee and, two days later, filed a motion for reconsideration of my order dismissing his case. ECF Nos. 17/18.

In the interest of judicial economy, I will vacate my order dismissing this case rather than require Posey to initiate a new proceeding. And, because Posey has paid the filing fee, I have reviewed his habeas petition (ECF No. 10) under Rule 4 of the Rules Governing Section 2254 Cases. It does not plainly appear from the petition and attached exhibits that Posey is not entitled to relief, so I will direct the Clerk of Court to serve the petition on the respondents and require the respondents to file an answer, motion, or other response. *See* Rule 4, 28 U.S.C. foll. § 2254.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2244(b) (successive petitions). If Posey is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

In addition, Posey has filed a motion for the appointment of counsel. ECF No. 16. Under 18 U.S.C. § 3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555

(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1191; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Posey's petition is sufficiently clear in presenting the issues that he wishes to bring. Also, the issues in this case are not particularly complex. It does not appear that appointment of counsel is warranted in this instance. Posey's motion for the appointment of counsel is denied.

It is therefore ordered that Posey's motion for reconsideration **[ECF No. 18] is GRANTED**. The order and judgment dismissing this case without prejudice **[ECF Nos. 13, 14] are VACATED**. The Clerk is directed to reopen this case,

It is further ordered that the Clerk shall ELECTRONICALLY SERVE Posey's habeas petition (ECF No. 10) and a copy of this order on the respondents.

It is further ordered that the Clerk shall add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for the respondents, and provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

It is further ordered that the respondents have until **January 5, 2025** to appear in this action, and to answer or otherwise respond to the petition.

It is further ordered that if the respondents file an answer, Posey shall have **60 days** from the date on which the answer is served on him to file and serve a reply. If the respondents file a motion to dismiss, Posey shall have **60 days** from the date on which the motion is served on him to file and serve a response to the motion to dismiss, and the respondents shall, thereafter, have **30 days** to file a reply in support of the motion.

It is further ordered that any additional state court record exhibits filed herein by either Posey or the respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.

It is further ordered that Posey's motion for appointment of counsel **[ECF No. 16] is DENIED**. Posey's motions for rehearing and to reopen case **[ECF Nos. 15, 19] are DENIED as moot**.

Dated: November 4, 2024

_____
Cristina D. Silva
United States District Judge