**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| Anthony Posey, | Case No. 2:24-cv-01123-CDS-BNW |
| Petitioner | **Order Granting Motion to Seal, Granting in Part and Denying in Part Motion to Dismiss the Petition, and Denying Motions for Appointment of Counsel and Status Check** |
| v. | |
| Ronald Oliver, et al., | |
| Respondents | [ECF Nos. 41, 49, 53, 59] |

Petitioner Anthony Posey filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 10. For the reasons explained below, I grant the respondents' motion to seal documents (ECF No. 41), grant in part and deny in part the respondents' motion to dismiss the petition (ECF No. 53), and deny the petitioner's motions for appointment of counsel (ECF No. 49) and status check (ECF No. 59).

## I.    Background

### A.  Convictions by guilty plea

On April 30, 2021, the State of Nevada charged Posey in Clark County Case No. C-21-355585-1 with soliciting a child [A.J.] for prostitution and child abuse, neglect, or endangerment. ECF No. 36-6 at 2–3. The State later charged Posey in a second Clark County case, C-21-356678-1, with luring children [K.H.] or mentally ill persons with use of technology with the intent to engage in sexual conduct and engaging in soliciting a child for prostitution. ECF No. 36-13 at 2–3. Posey pleaded guilty under the terms of a guilty plea agreement (GPA) to the charges in K.H.'s case and the case involving A.J. was dismissed. ECF Nos. 36-15; 36-21 at 3; 36-25.

At sentencing, defense counsel argued Posey engaged K.H. because everybody using the website through which Posey contacted K.H. had to be at least 18 years of age, and because K.H. submitted identification that she was of age. ECF No. 36-24 at 8–9. Posey told the sentencing

judge he "was going on a dating website where it was an adult-only. Where you have to be an adult to be on the dating website," and in the prior case, the female "had an ID twenty-two," and she worked at a club. *Id.* at 10. The state district court sentenced Posey to serve two concurrent terms of four to ten years imprisonment. ECF No. 36-25. Posey did not appeal the judgment.

### B. Postconviction petitions

Posey filed a state postconviction petition claiming trial counsel was ineffective for instructing Posey to plead guilty because Posey did not know K.H. was under 18. ECF No. 36-36 at 8. He alleged that the Tagged and Cash App websites he used to contact K.H. and provide money to her, required she "be 18 years or older"; K.H. misrepresented herself as a woman over the age of 18; Posey relied on the websites' age requirements; Posey did not know K.H.'s true age; and thus, Posey could not be convicted of the crimes. *Id.* at 8–10. The Nevada Court of Appeals (NCA) affirmed the denial of the petition. ECF Nos. 36-45; 37-18.

After unsuccessfully pursuing a second and third state petition, Posey filed a fourth state petition alleging (1) trial counsel was ineffective for failing to investigate or discover a defense based on the terms of service for Tagged and Cash App and Washington Senate Bill 6251; (2) counsel coerced Posey to plead guilty by promising Posey would serve 1 to 10 years of probation or house arrest and if Posey didn't sign the GPA, he would go to trial and lose; (3) counsel failed to ensure Posey understood the GPA; (4) counsel failed to investigate prior bad acts of Detective Moore; (5) counsel failed to discover *Brady* violations; (6) the State violated *Brady* before Posey entered his guilty plea by withholding transcripts evidencing D. Moore's prior bad acts, and a valid search warrant for Posey's iPhone showing full conversations between Posey and the victims and website account access; and (6) actual innocence. ECF No. 39-47. The NCA affirmed denial of the petition as untimely, successive, an abuse of the writ, and procedurally barred without good cause and prejudice, or a miscarriage of justice. ECF No. 40-36.

II.    Discussion

    A.  Motion to dismiss

          *1.  Standards for evaluating procedural default*

A federal habeas court may not grant a state prisoner's petition for habeas relief until the prisoner has exhausted available state remedies for all claims raised. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round" of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003). Use of a procedurally incorrect method does not suffice to exhaust the claim. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) ("[W]here [a] claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor . . . [it will not] constitute fair presentation.").

"A federal habeas claim is technically exhausted but procedurally defaulted if the state court declined to address the claim based on independent and adequate state procedural grounds." *Rodney v. Garrett*, 116 F.4th 947, 954 (9th Cir. 2024) (citing *Coleman v. Thompson*, 501 U.S. 722, 729–32 (1991)). *See also Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). The Ninth Circuit Court of Appeals has held the Nevada courts' application of the Nevada statutory rules regarding timeliness and successive petitions are independent and adequate state law grounds for procedural default. *See Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999); *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996).

Procedurally defaulted claims are not barred from federal review "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) (quoting *Coleman*, 501 U.S. at 750). "To

establish 'cause,' a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules." *Cook v. Shriro*, 538 F.3d 1000, 1027 (9th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478 (1986)). "To establish prejudice, a petitioner must show that the alleged error 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (citing *United States v Frady*, 456 U.S. 152, 170–71 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991)).

To overcome procedural default under the "fundamental miscarriage of justice" exception, a petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *See Schlup v. Delo*, 513 U.S. 298, 329 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

Under, *Martinez v. Ryan*, 566 U.S. 1 (2012), a petitioner can overcome procedural default of a claim of ineffective assistance of trial counsel if he can demonstrate: (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." *See Trevino v. Thaler*, 569 U.S. 413 (2013) (quoting *Martinez*, 566 U.S. 1)). Nevada law requires prisoners to raise ineffective assistance of counsel claims for the first time in a state petition seeking postconviction review, which is the initial collateral review proceeding for purposes of the *Martinez* rule. *See Rodney v. Filson*, 916 F.3d 1254, 1259–60 (9th Cir. 2019).

### 2. *Ground 1(A)*

Ground 1(A) alleges trial counsel failed to investigate defenses including: (1) the websites involved in the charges required users verify with a government issued identification that they are 18 years or older, and (2) Washington Senate Bill 6251 sets forth a defense based on a bona fide good faith effort to determine the true age of the victims. ECF No. 10 at 9–13. Posey contends these defenses were publicly available before his guilty plea, and had counsel investigated and discovered these defenses, Posey would not have pleaded guilty. *Id.* The respondents move to dismiss Ground 1(A) as procedurally defaulted, duplicative of Grounds 3 and 4, and barred by *Tollett v. Henderson*, 411 U.S. 258 (1973). ECF No. 53 at 5–6, 11–13.

Ground 1(A) is not barred under *Tollett*. "[W]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267. "He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards of governing Supreme Court decision." *Id.* Because Ground 1(A) challenges the voluntary and intelligent character of the guilty plea based on deficient advice given by trial counsel; Ground 1(A) is not barred by *Tollett*.

Ground 1(A) is not duplicative of Grounds 3 and 4. Ground 1(A) alleges counsel was ineffective for failing to discover two defenses to the knowledge element of the charges, i.e., that Posey did not know the victim's age. Ground 3 alleges counsel was ineffective for failing to investigate and discover the State lacked jurisdiction to charge Posey with the offenses. Although based on the same underlying facts, Grounds 1(A) and 3 allege counsel was ineffective in failing to investigate two different defense theories. And, as will be discussed below, Ground 4 will be dismissed as duplicative of Ground 1(A). Accordingly, the motion to dismiss Ground 1(A) as duplicative is denied.

Ground 1(A) is not procedurally defaulted. Posey alleged the claim in Ground 1(A) in his initial state petition. ECF No. 36-36. Although Posey alleges a new fact in his federal petition that was not raised in the initial state petition, i.e., that counsel failed to investigate and discover a defense based on Washington Senate Bill 6251, that fact neither fundamentally alters the legal claim that counsel was ineffective for failing to investigate defenses concerning the knowledge component necessary to convict Posey of the charges nor places the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it. *See Dickens*, 740 F.3d at 1318 ("[a] claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'") (internal citations omitted); *accord Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988). Accordingly, I conclude Ground 1(A) is not procedurally defaulted. The motion to dismiss Ground 1(A) is denied.

### 3. *Ground 1(B)*

Ground 1(B) alleges trial counsel was ineffective for instructing Posey to plead guilty. ECF No. 10 at 12–13. Posey's supporting facts allege counsel promised Posey would serve 1 to 10 years of probation or house arrest; Posey told counsel he did not understand the GPA, and counsel told him to sign it because if he did not plead guilty, he would lose at trial; and counsel failed to review discovery with him. *Id.* The respondents argue Ground 1(B) must be dismissed as procedurally defaulted. ECF No. 53 at 11–12.

This claim was raised in the fourth state postconviction review petition. ECF No. 39-47. The NCA affirmed the denial of the petition as, among other things, untimely, successive, and procedurally barred without a showing of good cause and actual prejudice or a demonstration of innocence such that a fundamental miscarriage of justice would occur were the claim not decided on the merits. ECF No. 40-36. Ground 1(B) is procedurally defaulted. *See Bargas*, 179 F.3d at 1210–12; *Moran*, 80 F.3d at 1268–70. However, because the analyses whether Posey can overcome the

procedural default is necessarily intertwined with the merits, the Court defers a determination whether Posey can overcome the procedural default until the time of merits review. *See Martinez*, 566 U.S. 1.

### 4.  Ground 1(C)

Ground 1(C) alleges trial counsel failed to investigate and discover prior bad acts of Detective M. Moore. ECF No. 10 at 14–15. As supporting facts, Posey alleges Detective Moore was the detective in the A.J. and K.H. cases, and the detective withheld Posey's full conversations with A.J. and K.H, contained on Posey's iPhone and website accounts. *Id.* He claims Detective Moore coerced A.J. to confess by stating she would not be fed or released without a charge and the judge at the preliminary hearing for that case was alarmed the detective withheld evidence and forced and coerced A.J. *Id.* The respondents move to dismiss Ground 1(C) as barred by *Tollett* and procedurally defaulted. ECF No. 53 at 11–12.

Ground 1(C) is not barred by *Tollett* because it alleges counsel's ineffective assistance was the basis for an involuntary and unintelligent guilty plea. *See Tollett*, 411 U.S. at 267. Posey raised this claim in his fourth state petition. ECF No. 39-47. As with Ground 1(B), Ground 1(C) is procedurally defaulted. ECF No. 40-36. *See Bargas*, 179 F.3d at 1210–12; *Moran*, 80 F.3d at 1268–70. However, because the analyses whether Posey can overcome the procedural default is necessarily intertwined with the merits, the Court defers a determination whether Posey can overcome the procedural default until the time of merits review. *See Martinez*, 566 U.S. 1.

### 5.  Ground 1(D)

Ground 1(D) alleges trial counsel failed to discover *Brady* violations before entry of the guilty plea and failed to investigate and discover an invalid execution of a search warrant for Posey's iPhone and website accounts which violated Posey's First Amendment right to Freedom of Speech and Fourth Amendment rights against unreasonable searches and seizures. ECF No. 10 at 15–18. As supporting facts, Posey alleges counsel failed to discover the State violated *Brady* by withholding the transcript in the A.J. case because it demonstrated Detective Moore's prior bad

acts and counsel failed to move the court for access to the transcript. *Id.* He alleges counsel failed to discover the State withheld evidence obtained from Posey's iPhone, which included full conversations with the victims, including text messages and text messages from the website accounts. *Id.* He alleges counsel did not investigate whether the search warrant was overbroad, compare items listed on the warrant with the discovery, or move to suppress evidence. *Id.* The respondents contend Ground 1(D) must be dismissed as duplicative of Ground 4, barred under *Tollett*, and procedurally defaulted. ECF No. 53 at 11–12.

Ground 1(D) is not barred by *Tollett* because it alleges counsel's ineffective assistance was the basis for an involuntary and unintelligent guilty plea. *See Tollett*, 411 U.S. at 267. As explained below, I conclude Ground 4 is duplicative of Ground 1(D) and dismiss Ground 4. Posey raised this claim in his fourth state petition. ECF No. 39-47. As with Grounds 1(B) and Ground 1(C), Ground 1(D) is procedurally defaulted. ECF No. 40-36. *See Bargas*, 179 F.3d at 1210–12; *Moran*, 80 F.3d at 1268–70. However, because the analyses whether Posey can overcome the procedural default is necessarily intertwined with the merits, the Court defers until review of the merits a determination whether Posey can overcome the procedural default. *See Martinez*, 566 U.S. 1.

### 6. *Ground 2*

Ground 2 alleges the State withheld exculpatory material under *Brady* before entry of the guilty plea. ECF No. 10 at 18–19. As supporting facts, he alleges the State withheld (1) transcripts from the prior case that evidence Detective Moore's prior bad acts; (2) evidence contained on Posey's iPhone, including material exculpatory evidence of full conversations; website account access to challenge witness testimony and prove state misconduct; and (3) validation of search warrant that prevented him from pursuing motions that the State violated the First and Fourth amendments and establish actual innocence. *Id.* The respondents contend Ground 2 must be dismissed as barred under *Tollett* and procedurally defaulted. ECF No. 53 at 11–12. Ground 2 concerns matter that occurred before entry of the guilty plea and does not attack the

voluntary and intelligent character of the guilty plea due to alleged ineffective assistance of counsel. Thus, Ground 2 is dismissed as barred under *Tollett*, 411 U.S. at 267.

### 7. Ground 3

Ground 3 alleges trial counsel was ineffective for failing to discover the State did not have jurisdiction to charge Posey with the crimes. ECF No. 10 at 20. The respondents contend Ground 3 must be dismissed under *Tollett*, unexhausted, and procedurally defaulted. ECF No. 53 at 11–12. Posey raised this claim in his third state petition. ECF No. 37-1; 38-34 at 10. The third petition was denied as procedurally barred and successive. ECF No. 37-1; 39-9. Posey appealed; however, the NCA dismissed the appeal for lack of jurisdiction stating, the "notice of appeal fails to identify any decisions of the district court and no decision was entered in the underlying district court case on March 12, 2024. ECF No. 39-42. Because Posey failed to present to the NCA the claim raised in Ground 3, the claim is procedurally defaulted.

### 8. Ground 4

In Ground 4, Posey alleges trial counsel was ineffective for failing to discover Posey's actual innocence by not investigating defenses and failing to discover warrantless search and seizure on the phones and websites. The respondents contend Ground 4 should be dismissed as duplicative of the claims in Ground 1(A) and 1(D), as unexhausted, procedurally defaulted, and barred by *Tollett*. ECF No. 53 at 5–12. Duplicative claims may properly be dismissed by district courts. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant [or] immaterial … matter."). *See also*, *e.g.*, *Luke v. Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997) (duplicative causes of action lead to duplication of documents and pleadings, as well as wasted public resources for increased attorney's fees). I conclude Ground 4 duplicates claims raised in Grounds 1(A) and 1(D). Accordingly, the motion to dismiss Ground 4 is granted.

### B. Motion for leave to file exhibits under seal

The respondents move for leave to file under seal Exhibit 17 (Presentence Investigation Report) (PSI) and 19 (Psychosexual Evaluation) (PE). ECF No. 41. Under Nevada law, the PSI is

"confidential and must not be made a part of any public record." NRS 176.156(5). Likewise, the PE contains confidential information. Having reviewed and considered the matter in accordance with *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the compelling need to protect Posey's safety, privacy, and personal identifying information outweighs the public interest in open access to court records. Thus, the motion (ECF No. 41) is granted and Exhibits 17 (ECF No. 36-17) and 19 (ECF No. 36-19) are properly filed under seal.

### C. Motion for appointment of counsel

Posey moves for appointment of counsel. ECF No. 49. Federal habeas petitioners do not have a constitutional right to appointment of counsel. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case. Posey has shown the ability to articulate his claims without counsel. The interests of justice do not warrant the appointment of counsel in this case. The motion for appointment of counsel is therefore denied.

### III. Posey's options regarding unexhausted claim

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose*, 455 U.S. at 510. A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court concludes that Ground 3 is unexhausted. Because the Court finds that the Petition contains an unexhausted claim, Posey has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

For the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Court in *Rhines* stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

If Posey wishes to ask for a stay, he must file a motion for stay and abeyance demonstrating good cause for his failure to exhaust his unexhausted claim in state court and present argument regarding the question of whether his unexhausted claim is plainly meritless. The respondents would then be granted an opportunity to respond, and Posey to reply. Posey may alternatively file a declaration voluntarily abandoning his unexhausted claims, as described above. Posey's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in dismissal of his federal habeas petition. Posey is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## IV.   Conclusion

I order that:

1.   The respondents' motion for leave to file exhibits 17 and 19 under seal **[ECF No. 41] is GRANTED**. The Clerk of Court is kindly directed to maintain the seal on ECF No. 42.

2.   The petitioner's motion for appointment of counsel **[ECF No. 49]** is DENIED.

3.   The respondents' motion to dismiss the petition **[ECF No. 53] is DENIED in part and GRANTED in part**.

4. Grounds 2 and 4 are dismissed.

5. The Court defers its determination whether Posey can excuse the procedural default of Grounds 1(B), 1(C), and 1(D), until its review of the merits.

6. The Court denies the motion to dismiss as to Ground 1(A) without prejudice to the respondents asserting the procedural default defense to the claim in their answer.

7. Posey until March 3, 2026, to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground 3 for relief in his federal habeas petition and proceed on the remaining grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted grounds; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted grounds in abeyance while he returns to state court to exhaust his unexhausted grounds. If Posey chooses to file a motion for a stay and abeyance, or seek other appropriate relief, the respondents may respond to such motion as provided in Local Rule 7-2. Failure to timely comply with this order will result in the dismissal of Posey's mixed petition without further advanced notice.

8. The petitioner's motion for status check [ECF No. 59] is DENIED.

Dated: February 3, 2026

_____
Cristina D. Silva
United States District Judge