UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Posey, | Case No. 2:24-cv-01123-CDS-BNW |
| Petitioner | **Order Denying Petitioner's Request for Copies, Directing Clerk of Court to Send a Copy, and Sua Sponte Extending Deadline to Respond** |
| v. | |
| Ronald Oliver, et al., | |
| Respondents | [ECF Nos. 61, 65] |

Petitioner Anthony Posey filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 10.

I.      **Court's order on motion to dismiss**

This court previously granted in part, the respondents' motion to dismiss the petition and directed Posey to choose **by March 3, 2026**, whether to abandon unexhausted claims in the petition, return to state court to exhaust the claims, or file a  motion for a stay and abeyance of this action while he exhausts the claims in state court. Order, ECF No. 61. It appears that, before the Court entered the order directing Posey to respond to the court's order, Posey was moved to High Desert State Prison. ECF Nos. 62, 63. Posey has since filed a notice of change of address indicating he is now at the Southern Desert Correctional Center. ECF No. 64.

In light of Posey's notices of change of address and the timing of his moves, the court, in an abundance of caution, orders the Clerk of Court to send a copy of my order, ECF No. 61, to Posey at his new address. In addition, I sua sponte extend Posey's deadline to comply with the order, to April 2, 2026.

II.      **Request for copies**

Posey has filed a motion requesting copies of documents and exhibits for his petition for writ of habeas corpus and his reply to the motion to dismiss the petition. ECF No. 65 at 2.

Generally, an inmate has no constitutional right to free photocopying or to obtain court documents without payment. *See Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Payment for copy fees is required at the time a request is made. *See* LR IC 1-1(i)(5) (paper copies of filed documents may be obtained from the clerk's office after payment of copying fees). Nothing in federal law, the Federal Rules of Civil Procedure, the Local Rules of Practice, or established case law, authorizes federal courts to waive or finance copy fees in habeas cases. *See*, *e.g.*, LSR 1-7 (stating that *in forma pauperis* status does not waive a party's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915," which does not provide for copies).

Posey has not stated any specific reason why he needs the documents he requests. Therefore, Posey's motion is be denied without prejudice. If Posey has a specific need for the documents, he may file a renewed motion stating his specific need and provide a copy of his current inmate balance sheet to demonstrate he cannot afford to pay for the copies.

## III.    Conclusion

The Clerk of Court is kindly directed to send petitioner Anthony Posey a copy of this court's order, ECF No. 61.

IT IS ORDERED that the petitioner has **through April 2, 2026**, to comply with the court's order, ECF No. 61. Failure to timely comply with that order will result in the dismissal of Posey's mixed petition without further notice.

IT IS FURTHER ORDERED that the petitioner's request for copies **[ECF No. 65]** **is DENIED without prejudice**.

Dated: February 26, 2026

_____
Cristina D. Silva
United States District Judge

2