UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Posey, | Case No. 2:24-cv-01123-CDS-BNW |
| Petitioner | **Order Granting Request for Copies; Directing Clerk of Court to Send a Copy of ECF Nos. 10, 55 and 164 to the Petitioner at His New Address; and Extending Deadline for Response to ECF No. 61.** |
| v. | |
| Ronald Oliver, et al., | |
| Respondents | [ECF Nos. 67, 68, 69] |

Petitioner Anthony Posey filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 10. This court previously granted in part, the respondents' motion to dismiss the petition and directed Posey to choose by April 2, 2026, whether to abandon unexhausted claims in the petition, return to state court to exhaust the claims, or file a motion for a stay and abeyance of this action while he exhausts the claims in state court. Orders, ECF Nos. 61; 66. This court previously denied Posey's motion for copies because, among other things, he failed to specify why he needed copies. Order, ECF No. 66. Posey has since filed three additional motions requesting copies of documents filed in this action. ECF Nos. 67, 68, 69.

## I.     Request for Copies

Posey requests this court provide him copies of (1) his amended petition (ECF No. 10), response to motion to dismiss the petition (ECF No. 55), and his motion to establish factual innocence filed in the state district court on March 21, 2024 (ECF No 39-14). ECF Nos. 67; 68 at 3; 69 at 3. In his motions, Posey explains that he requires the documents so that he may respond to the court's order, ECF No. 61, because he has lost access to his legal documents due to an unforeseen arrest for violation of parole and resulting incarceration. *Id.*

Generally, an inmate has no constitutional right to free photocopying or to obtain court documents without payment. *See Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Payment for copy fees is required at the time a request is made. *See* LR IC 1-1(i)(5) (paper copies of filed documents may be obtained from the clerk's office after payment of copying fees). Nothing in federal law, the Federal Rules of Civil Procedure, the Local Rules of Practice, or established case law, authorizes federal courts to waive or finance copy fees in habeas cases. *See, e.g.*, LSR 1-7 (stating that *in forma pauperis* status does not waive a party's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915," which does not provide for copies).

The court finds Posey has established good cause to grant the motions for copies. ECF Nos. 67, 68, 69. However, the court cautions Posey that, in the future, he must pay for copies and the court will not entertain additional motions for copies. Posey is responsible for obtaining his legal materials from his prior residence.

## II.   Conclusion

I order that:

1. The motions for copies **[ECF Nos. 67, 68, and 69] are granted** as specified in this order.

2. The Clerk of Court is kindly directly to send petitioner Anthony Posey copies of (1) the amended petition (ECF No. 10), (2) Posey's response to the motion to dismiss the petition (ECF No. 55), and (3) Posey's motion to establish factual innocence filed in the state district court on March 21, 2024 (ECF No 39-14).

3. Posey has **through April 2, 2026**, to comply with the court's order, ECF No. 61. Failure to timely comply with that order will result in the dismissal of Posey's mixed petition without further advanced notice.

Dated: March 18, 2026

_____
Cristina D. Silva
United States District Judge