UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Anthony Posey,

                    Petitioner

v.

Ronald Oliver, et al.,

                    Respondents

Case No. 2:24-cv-01123-CDS-BNW

**Order Granting in Part Petitioner's Motion to Reconsider Ruling on Ground 3 of the Petition**

[ECF No. 71]

In this habeas action, petitioner Anthony Posey filed a motion to proceed with exhausted grounds 1 and 3 pursuant to 28 U.S.C. 2254(a), (g). ECF No. 71. The respondents did not file an opposition to the motion and the time to do so has expired. For the reasons discussed below, I construe Posey's motion as a motion for reconsideration of my determination that Ground 3 is unexhausted, grant the motion, confirm Ground 3 is unexhausted and procedurally defaulted, direct Posey that he need not follow the choice procedures set forth in my prior order. *See* ECF No. 61. Further, I defer consideration of whether Posey can satisfy the *Schlup* actual innocence gateway until I address the merits of the remaining grounds in the context of the full state court trial record.

I.    Discussion

Respondents filed a motion to dismiss the petition, and I previously ruled, in relevant part, that Ground 3 is unexhausted and procedurally defaulted, but directed Posey to follow the choice procedures under *Rose v. Lundy*, 455 U.S. 509 (1982). ECF No. 61. Posey responded by filing a motion to proceed with exhausted grounds 1 and 3 pursuant to 28 U.S.C. 2254(a), (g). ECF No. 71. Therein, Posey asserts that he exhausted Ground 3. *Id.* I therefore liberally construe Posey's motion as a motion for reconsideration of my ruling on Ground 3 of the amended petition. *See Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) ("[T]he label attached to a

motion does not control its substance.") (quoting *United States v. State of Or.*, 769 F.2d 1410, 1414 n.4 (9th Cir. 1985)); *see also Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (documents filed pro se are likewise liberally construed.).

### A.  Legal standards

#### 1.  *Reconsideration standard*

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). A motion to reconsider must state (1) a valid reason to revisit the prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *See, e.g., Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (using this standard for motion for reconsideration of district court's denial of a motion to dismiss). "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

#### 2.  *Standards for consideration of exhaustion and procedural default*

A federal habeas court may not grant a state prisoner's petition for habeas relief until the prisoner has exhausted available state remedies for all claims raised. *See* 28 U.S.C. § 2254(b); *Rose*, 455 U.S. at 522. To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round" of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003). Use of a procedurally incorrect method does not suffice to exhaust the claim. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) ("[W]here [a] claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor . . . [it will not] constitute fair presentation.").

2

"A federal habeas claim is technically exhausted but procedurally defaulted if the state court declined to address the claim based on independent and adequate state procedural grounds." *Rodney v. Garrett*, 116 F.4th 947, 954 (9th Cir. 2024) (citing *Coleman v. Thompson*, 501 U.S. 722, 729–32 (1991)). *See also Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). The Ninth Circuit Court of Appeals has held the Nevada courts' application of the Nevada statutory rules regarding timeliness and successive petitions are independent and adequate state law grounds for procedural default. *See Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999); *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996).

### 3.  *Standards for overcoming procedural default*

Procedurally defaulted claims are not barred from federal review "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) (quoting *Coleman*, 501 U.S. at 750). "To establish 'cause,' a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules." *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478 (1986)). "To establish prejudice, a petitioner must show that the alleged error 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (citing *United States v. Frady*, 456 U.S. 152, 170–71 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991)). To overcome procedural default under the "fundamental miscarriage of justice" exception, a petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *See Schlup v. Delo*, 513 U.S. 298, 329 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether

it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

Under, *Martinez v. Ryan*, 566 U.S. 1 (2012), a petitioner can overcome procedural default of a claim of ineffective assistance of trial counsel if he can demonstrate: (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." *See Trevino v. Thaler*, 569 U.S. 413 (2013) (quoting *Martinez*, 566 U.S. 1)). Nevada law requires prisoners to raise ineffective assistance of counsel claims for the first time in a state petition seeking postconviction review, which is the initial collateral review proceeding for purposes of the *Martinez* rule. *See Rodney v. Filson*, 916 F.3d 1254, 1259–60 (9th Cir. 2019).

### B. Analysis

In his motion for reconsideration, Posey contends he exhausted Ground 3 in his second state court motion to establish factual innocence. ECF No. 71. For the reasons stated below, I conclude that, even assuming Posey could properly exhaust a claim of ineffective assistance of counsel in a motion (rather than a state postconviction petition), Posey did not exhaust the claim in either of his state motions to establish factual innocence.

Ground 3 of Posey's amended petition alleges trial counsel was ineffective for failing to discover the State did not have jurisdiction to charge Posey with the crimes. ECF No. 10 at 20. According to the state court record, Posey raised this claim in his third state post-conviction petition. ECF No. 37-1; 38-34 at 10. The state court denied the third petition as procedurally barred and successive. ECF No. 37-1; 39-9. Posey appealed a decision dated March 12, 2024, but his appeal was dismissed for lack of jurisdiction because his notice of appeal failed to identify any decisions of the district court and no decision was entered in the underlying district court case on March 12,

2024. ECF No. 39-42. Because Posey failed to present to the Nevada Court of Appeals (NCA) the claim he raised in Ground 3 of his federal petition, I previously ruled that the claim is unexhausted and procedurally defaulted. ECF No. 61.

Posey filed his first state motion to establish factual innocence on May 10, 2023 ("first motion"). ECF No. 37-11. He did not allege counsel was ineffective for failing to assert that the State lacked jurisdiction to charge him with the crimes to which he pleaded guilty. *Id.* He likewise failed to raise such a claim in his motion for leave to supplement additional documents and/or exhibits. ECF No. 37-20. The state court did not mention such a claim in its order denying the motion. ECF No. 37-26. Posey's informal brief on appeal from the denial of the first motion (Case No. 87119) made no such claim. ECF No. 38-17. The NCA likewise did not rule on such a claim and declined to consider any of Posey's other ineffective assistance of counsel claims. *See Posey v. State*, 548 P.3d 446 n.2 (Nev. App. 2024).

Posey filed as second motion to establish factual innocence ("second motion") on March 21, 2024. ECF No. 39-14. Ground 4 of the second motion asserted trial counsel was ineffective for failing to discover the State had no jurisdiction to charge Posey with the alleged crimes. *Id.* at 17–18. The state court characterized Posey's second motion as "substantially similar, if not identical" to the first motion. *Id.* The state court did not consider any of the claims raised in the second motion and instead denied the motion as "repetitive, successive and more importantly, barred by the doctrine of issue preclusion." *Id.* Although Posey appealed that decision (Case No. 88608), his informal brief did not raise any allegations of ineffective assistance of trial counsel for failing to discover or assert that the State lacked jurisdiction to charge Posey with the crimes. ECF No. 40-20. The NCA affirmed the denial of the second motion finding Posey failed to identify new or different evidence in support of the factual innocence claim and did not address any claim of ineffective assistance of counsel. ECF No. 52-8.

Based on the state court record, I confirm my prior rulings that Posey failed to exhaust Ground 3 and the claim in Ground 3 is procedurally defaulted, *see Dickens* , 740 F.3d at 1317, however, I modify my prior order (ECF No. 61) by directing Posey that he need not follow the choice procedures under *Rose*, 455 U.S. 509. Because I construe Posey's filings as contending he can overcome the procedural default under the miscarriage of justice exception by meeting the requirements for the actual innocence gateway exception under *Schlup*, I defer consideration of the issue of whether Posey can satisfy the *Schlup* actual innocence gateway until I address the remaining grounds of the amended petition in the context of the full state court trial record.

I order that:

1. Petitioner Anthony Posey's Motion to Proceed with Exhausted Grounds 1 and 3 Pursuant to 28 U.S.C. § 2254(a), (g) [ECF No. 71] is liberally construed as a motion for reconsideration of my prior ruling (ECF No. 61) on Ground 3 of the amended petition.

2. The motion for reconsideration **[ECF No. 71] of my prior ruling on Ground 3 is granted in part and denied in part**. Ground 3 of the amended petition is procedurally defaulted however Posey *need not* follow the choice procedures for Ground 3 set forth in ECF No. 61. Consideration whether Posey can satisfy the *Schlup* actual innocence gateway is deferred until consideration of the remaining grounds of the amended petition in the context of the full state court record.

3. Respondents have **until May 15, 2026**, to file and serve an answer addressing the remaining claims in Posey's amended petition. Posey will have **60 days** from the date of service of the answer to file and serve a reply.

Dated: April 14, 2026

_____
Cristina D. Silva
United States District Judge

6